EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 222875
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-7177
    E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FAN REAL PROPERTY LOCATED IN RANCHO CUCAMONGA, CALIFORNIA,<br><br>    Defendant.<br><br>BANK OF THE WEST,<br><br>    Claimant. | No. CV 15-08854-CAS (JEMx)<br><br>[PROPOSED]<br><br>CONSENT JUDGMENT OF FORFEITURE |

    This matter was commenced on November 13, 2015 against the Fan Real Property Located in Rancho Cucamonga, California (the "defendant property"). The Assessor's

1 Parcel Number for the defendant property is 1074-211-07.  The legal description of the
2 defendant property is:

3    All that certain real property situated in the County of San Bernardino, State of
4 California, described as follows:

5 <u>Parcel No. 1</u>:

6 Lot 7 of Tract No. 12588, in the City of Cucamonga, County of San Bernardino,
7 State of California, as per Map recorded in Book 179 of Maps, page(s) 56 and 57
8 inclusive, in the Office of the County Recorder of said County; and by Certificate
9 of Correction recorded on July 5, 1985 as Instrument No. 85-161766 of Official
10 Records.

11 <u>Parcel No. 2</u>:

12 Non-exclusive easement for private drainage, Public utility purposes and
13 equestrian trails, as shown on Tract No. 12588, in the County of San Bernardino,
14 State of California, as per Map recorded in Book 179 of Maps, page(s) 56 and 57
15 inclusive, Records of said County.

16    Claimant Bank of the West filed a claim on October 2, 2015, and an answer on
17 October 4, 2015.  No other parties have filed claims in this case and the time for filing
18 claims of interest and answers has expired.  On April 11, 2016, the Court entered a
19 Default Judgment of Forfeiture Against the Interests of Guo Xiang Fan, Quality Loan
20 Service Corporation, United Commercial Bank, and all other potential claimants, except
21 for Bank of the West.

22    Plaintiff United States of America and Bank of the West have reached an
23 agreement that is dispositive of the action.  The parties hereby request that the Court
24 enter this Consent Judgment of Forfeiture.

25 WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

26    1. This Court has jurisdiction over the parties and the subject matter of this
27 action.

28 ///

1    2.    Notice of this action has been given in accordance with law. All potential claimants to the defendant property, other than Bank of the West, are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3.    The United States of America shall have judgment as to the defendant property, and no other person or entity shall have any right, title or interest therein. The Internal Revenue Service is ordered to dispose of said property in accordance with law.

4.    On or about November 6, 2008, a Deed of Trust in the amount of $640,000.00 was recorded as Instrument No. 2008-0487830 against the defendant property, identifying Bank of the West as the Lender. Bank of the West holds a valid pre-existing lien on the defendant property, which lien is not contested by Plaintiff.

5.    Plaintiff and Bank of the West agree that upon entry of this Judgment of Forfeiture and sale of the defendant property, the funds generated by the sale shall be distributed in the following order of priority:

   a.    First, to the Internal Revenue Service for its costs and expenses of the sale;

   b.    Second, to the extent sufficient sale funds are available, to pay any real property taxes assessed against the defendant property to the date of entry of this Judgment of Forfeiture;

   c.    Third, to the extent sufficient sale funds are available, the balance due on the $640,000.00 lien, including principal, interest, and late charges due on that amount to Bank of the West under its note which is secured by its Deed of Trust, Instrument No. 2008-0487830;

   d.    Fourth, to the extent sufficient sale funds are available, reasonable costs of insurance, taxes and foreclosure costs up to $10,000 paid by Bank of the West and attorney's fees up to $10,000.00 incurred by Bank of the West in having to defend its security interests in the defendant property (Bank of the West will provide the Internal

Revenue Service or its representative with documentation for such incurred costs and fees); and

    e. Fifth, the balance to Plaintiff pursuant to the terms of this Judgment of Forfeiture.

6. The payments to Bank of the West described above in paragraph 5 from the sales proceeds of the defendant property shall be in full settlement and satisfaction of any and all claims by Bank of the West to the defendant property and against Plaintiff resulting from the incidents or circumstances giving rise to this lawsuit.

7. The parties agree to execute further documents, to the extent necessary, to convey clear title to the defendant property to Plaintiff and to further implement the terms of this Judgment of Forfeiture, including but not limited to, upon payment, Bank of the West agrees to provide its deed of reconveyance or such other document reasonably necessary to release its security interest to the United States via recordable documents and to release and hold harmless the Plaintiff, and any agents, servants, and employees of the government (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims that currently exist or may arise as a result of the government's action against the defendant property.

8. Bank of the West hereby agrees not to pursue against the Plaintiff any other rights that it may have under the Deed of Trust, including, but not limited to, the right to initiate a judicial or non-judicial foreclosure action, without the consent of the United States Attorney's Office or this Court.

9. The Court will retain jurisdiction to resolve any issues with respect to the parties' performance under this Judgment of Forfeiture.

10. Other than as set forth in paragraph 5(d) of this Judgment of Forfeiture, each party shall bear its own attorney fees and costs. This Judgment of Forfeiture is binding upon Bank of the West and its successors and assigns.

11. Bank of the West, on behalf of itself and its agents and representatives, successors and assigns hereby releases and holds harmless the United States, its agencies,

4

agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Internal Revenue Service, as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation of this matter, from any and all claims, including claims for interest, actions or causes of action, damages, expenses, and costs, known and unknown, which may hereafter be asserted or brought by or on behalf of Bank of the West or any of their agents or representatives, arising out of the seizure and/or forfeiture of the defendant property and the institution of this matter.

12. Each of the signatories to this Consent Judgment represents that he or she has the full power and authority (without further approvals or consents) to enter into this Consent Judgment and perform the obligations set forth herein.

13. This Consent Judgment may be signed in counterparts and shall be deemed to have been equally drafted by the parties hereto.

14. Bank of the West waives all appeal rights with respect to this matter.

15. The Court finds that there was reasonable cause for the seizure of the defendant property and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

IT IS SO ORDERED.

April 18, 2016
DATE

*Christina A. Snyder*
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

**SIGNATURE OF PARTIES ARE ON NEXT PAGE**

5

**Approved as to Form and Content:**

DATED: April __, 2016

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
KATHARINE SCHONBACHER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: April __, 2016

LAW OFFICES OF JAMES T. REED, JR.

_____
JAMES T. REED, JR., ESQ.

Attorneys for Claimant Bank of the West

DATED: April __, 2016

BANK OF THE WEST

_____
DAVID ELLEFSON
Vice President and Authorized Representative of Claimant Bank of the West